IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABINGTON CREST NURSING AND REHABILITATION CENTER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL O. LEAVITT,<br>Secretary, United States Department of Health and Human Services,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:06CV01932 (RJL)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendant, Michael O. Leavitt, Secretary of the United States Department of Health and Human Services, ("the Secretary"), by and through his undersigned counsel, answers Plaintiffs' Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Answering specifically each paragraph of the Complaint, and using the same numbering contained in the Complaint, Defendant pleads as follows:

1. This paragraph contains Plaintiffs' characterizations of this action, and Plaintiffs' characterizations of the Medicare statute and federal regulations, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

2. This paragraph contains Plaintiffs' conclusions of law, not allegations of fact, and thus

no response is required.

    3. This paragraph contains Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required. By way of further answer, admits that if jurisdiction lies pursuant to 42 U.S.C. § 1395oo(f)(1), venue in this District would be proper.

    4. The first and second sentences of this paragraph contain Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. Denies third sentence. The remainder of this paragraph contains Plaintiffs' characterizations of the business operations of the Plaintiffs in this action, not allegations of fact, and thus no response is necessary.

    5. Admits first, second, and third sentences. The fourth sentence contains Plaintiffs' characterizations of the Secretary's final decision. The Secretary denies any such characterizations of his decision and refers the Court to the cited decision for a full and accurate statement of its contents. By way of further answer, the Secretary notes that Leslie Norwalk is now the Administrator of the Centers for Medicare and Medicaid Services ("CMS"). Denies the fifth sentence. The sixth sentence contains Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the last sentence of this paragraph.

    6. The first sentence of this paragraph contains Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. Admits the second sentence.

    7. Admits the first sentence. The second sentence contains Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed

necessary, denies. Defendant lacks knowledge as to the truth of the third sentence.

8. Admits the first sentence. The second sentence contains Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

9-10. These paragraphs contain Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

11. This paragraph contains Plaintiffs' characterizations of this action, and Plaintiffs' characterizations of the Medicare statute and federal regulations, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

12. Denies.

13. This paragraph contains Plaintiffs' characterizations of the claims submitted, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. By way of further answer, admits that Plaintiffs did claim reimbursement for unpaid deductibles and coinsurance amounts prior to Fiscal Year ("FY") 1999 and were reimbursed for these services.

14-16. These paragraphs contain Plaintiffs' characterizations of the Medicare statute and Medicare regulations, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies any such characterizations, except to admit the existence of the cited statutory and regulatory provisions, to which the Court is referred for a full and accurate statement of their contents.

17. Denies, except to admit that Plaintiffs claimed reimbursement for deductibles and coinsurance in their cost reports for fiscal year ending December 31, 1999.

18. Denies.

19. Denies the first sentence. The second sentence contains Plaintiffs' characterizations of the Balanced Budget Act of 1997, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies any such characterizations, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

20. Denies the first sentence. The second sentence contains Plaintiffs' characterizations of the Medicare regulations and Federal Register Notice, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies any such characterizations and respectfully refers the Court to the cited provisions for a full and accurate statement of their contents.

21. This paragraph contains Plaintiffs' characterizations of the Federal Register Notice, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies any such characterizations, except to admit the existence of the cited Federal Register Notice, to which the Court is referred for a full and accurate statement of its contents.

22. This paragraph contains Plaintiffs' characterizations of the Deficit Reduction Act of 2005, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies any such characterizations. By way of further response, the Court is referred to the cited provision for a full and accurate statement of its contents.

23. Denies, except to admit that Plaintiffs claimed reimbursement for what they termed bad debts on their FY 1999 cost report.

24-25. Denies.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of this paragraph.

27-31. Admits.

32. This paragraph contains Plaintiffs' characterizations of the decision of the Provider Reimbursement Review Board ("PRRB"), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies any such characterizations, except to admit that the PRRB issued a decision on the Part B bad debt issue on July 21, 2006. The Court is respectfully referred to the decision for a full and accurate statement of its contents.

33. The first and third sentences contain Plaintiffs' characterizations of the Secretary's final determination, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies any such characterizations, except to admit the existence of the Administrator's decision dated September 18, 2006. By way of further response, the Court is respectfully referred to the decision for a full and accurate statement of its contents. The Defendant lacks knowledge sufficient to form a basis as to the truth of the second sentence.

The Secretary denies the allegations in the unnumbered paragraph under the caption "**Claim I**" in the Complaint.

The remainder of the Complaint contains Plaintiffs' Prayer for Relief to which no response is required; to the extent a response is deemed necessary, denies that Plaintiffs are entitled to the relief requested in the Prayer for Relief, or to any relief whatsoever. The Secretary specifically denies all allegations in Plaintiffs' Complaint not otherwise answered or qualified herein.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610


_____/s/_____
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 514-7220 / FAX: (202) 514-8780


_____
TRACEY GLOVER
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
330 Independence Ave., S.W., Room 5309
Washington, D.C.  20201


Attorneys for Defendant,
Michael O. Leavitt,
Secretary of Health and Human Services